# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ERIC SCHULTZ,

        Plaintiff,

v.                                                    Case No. 8:23-cv-2610-JRK

LELAND C. DUDEK,
Acting Commissioner of Social
Security, [1]

        Defendant.
_____/

## OPINION AND ORDER[2]

### I.  Status

Eric Schultz ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of "digestive problems, back problems, vision problems, tinnitus[,] and testicular microlithiasis." Transcript

---

[1] Leland C. Dudek became the Acting Commissioner of Social Security in February 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Dudek is substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 12), filed January 22, 2024; Reference Order (Doc. No. 13), entered January 23, 2024.

of Administrative Proceedings (Doc. No. 10; "Tr." or "administrative transcript"), filed January 4, 2024, at 88, 96, 104, 112; see Tr. at 431.

On November 3, 2020, Plaintiff protectively filed applications for DIB and SSI, alleging a disability onset date of January 10, 2020. Tr. at 387-90 (DIB), 391-98 (SSI).[3] The applications were denied initially, Tr. at 87, 88-94, 191-94 (DIB); Tr. at 95, 96-102, 196-99 (SSI), and upon reconsideration, Tr. at 103, 104-10, 208-11 (DIB); Tr. at 111, 112-19, 218-19 (SSI).[4]

On February 6, 2023, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 53-86. On May 15, 2023, the ALJ convened another hearing, during which he again heard from Plaintiff (who remained represented by counsel), a VE; and an ophthalmologist medical expert ("ME"). Tr. at 30-52.[5] On June 1, 2023, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 10-21.[6]

---

[3] The applications were actually completed on November 6, 2020 and an unknown date, respectively. See Tr. at 387 (DIB), 391 (SSI). The protective filing date for both the applications is listed elsewhere in the administrative transcript as November 3, 2020. Tr. at 88, 104 (DIB), 96, 112 (SSI).

[4] Some of these documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[5] It appears both hearings were held via telephone with Plaintiff's consent. Tr. at 290-93, 342, 343-46, 347, 348-53, 365-67, 384.

[6] The administrative transcript also contains ALJ decisions dated February 2, 2017 and January 9, 2020, Tr. at 140-47, 164-72, as well as later affirmances adjudicating earlier-filed claims for DIB, Tr. at 153-57, 159-60, 178, 180-89. These adjudications are not at issue here.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council and submitted a brief authored by his lawyer. Tr. at 4-5 (Appeals Council exhibit list and order), 385-86 (request for review), 511 (brief). On September 12, 2023, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On November 15, 2023, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), through counsel, seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal argues the ALJ erred in "failing to indicate any limitations in the residual functional capacity [('RFC')] assessment findings related to the need to take unscheduled or frequent bathroom breaks, yet listing history of Crohn's disease as a severe impairment." Memorandum in Opposition to the Commissioner's Decision (Doc. No. 20; "Pl.'s Mem."), filed April 23, 2024, at 3 (emphasis and capitalization omitted). On May 23, 2024, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 22; "Def.'s Mem.") addressing Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[7] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 12-20. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since January 10, 2020, the alleged onset date." Tr. at 12. At step two, the ALJ found that Plaintiff "has the following severe impairments: ankylosing

---

[7]  "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

4

spondylitis, orbit muscle deficit right eye, and history of Crohn's disease." Tr. at 13 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 13 (emphasis and citation omitted).

> The ALJ determined that Plaintiff has the following RFC:
>
> [Plaintiff can] perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b) except he can occasionally perform postural activities; he is limited to no more than an occasional field of vision with the right eye; and he can tolerate occasional exposure to temperature extremes and hazards.

Tr. at 13 (emphasis and citation omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is unable to perform any past relevant work" as "a painter." Tr. at 19 (some emphasis and citation omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 19-20. After considering Plaintiff's age ("39 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 19 (emphasis omitted), such as "garment sorter," "cleaner/housekeeper," and "marker," Tr. at 20 (citations omitted). The ALJ concluded Plaintiff "has not been under a

5

disability . . . from January 10, 2020, through the date of th[e D]ecision." Tr. at 20 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against

the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

Plaintiff contends the ALJ erred in evaluating his statements about how Crohn's disease affects him and then assigning an RFC that does not permit "unscheduled bathroom breaks." Pl.'s Mem. at 3-4. Responding, Defendant argues the ALJ properly considered Plaintiff's subjective statements and the other evidence in formulating the RFC for light work with additional restrictions. Def.'s Mem. at 6-13.

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

The Regulations provide that an ALJ "will" consider the following factors related to symptoms such as pain:

7

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii); see Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1277 (11th Cir. 2024). The factors must be considered "in relation to other evidence in the record and whether the claimant's statements conflict with other evidence." Raper, 89 F.4th at 1277 (citation omitted); see 20 C.F.R. § 404.1529(c)(4). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the

national economy. 20 C.F.R. §§ 404.1545(a)(5), 416.945(a)(1). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" but that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. at 16. The ALJ then detailed the medical evidence particularly related to the Crohn's disease, including the objective findings in treatment notes and "conservative treatment by monitoring and medication." Tr. at 17 (citing Exs. C2F, C3F, and C13F, C15F, C19F, and C24F, located at Tr. at 515-18, 519-31, 702-12, 724-29, 772-819, 841-63). The ALJ further discussed consultative examination findings regarding the Crohn's disease. Tr. at 18-19. The ALJ also considered Plaintiff's reported ability to perform a relatively wide range of daily activities. Tr. at 16. As for the RFC, the

9

ALJ found the assigned limitations are supported by the medical evidence, and the "history of Crohn's disease," among other impairments, requires "occasional exposure to temperature extremes and hazards." Tr. at 19. Plaintiff does not challenge any of these detailed findings; they are supported by substantial evidence, reflect adequate consideration of the factors, and need not be disturbed. The ALJ was not required to add unscheduled restroom breaks in the RFC because overall, the evidence supports relatively conservative treatment and management of the Crohn's disease. See, e.g., Porto v. Acting Comm'r of Soc. Sec. Admin, 851 F. App'x 142, 148 (11th Cir. 2021) (when symptoms "waxed and waned" but improvement in condition was shown, upholding an ALJ's finding that subjective complaints of limitations were not fully consistent with the evidence).

## V. Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2.  The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 10, 2025.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record

11